## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRENT WALL and THOMAS PAOLINO,**                                        **PLAINTIFFS**
**each individually and on behalf of all others**
**similarly situated**

**v.**                             **CASE NO. 4:19-CV-00465-BSM**

**SIGNAL HILL TELECOM**
**SERVICES U.S., INC.**                                                   **DEFENDANT**

<u>**VERDICT**</u>

Verdict is entered for plaintiffs Brent Wall and Thomas Paolino, individually and on

behalf of other similarly situated former employees of Signal Hill Services U.S., Inc., on the

Fair Labor Standards Act Claims.  They are awarded damages in the amount of $289,896.94.

The conclusions of law provided in plaintiffs' trial brief [Doc. No. 51] are adopted in full and

therefore they are not set forth below.  The essential findings of fact are as follows.

Plaintiffs were employed by Signal Hill to monitor (audit) cell phone tower

construction.  They viewed live video feeds of the work being performed and, when the

construction workers left for the day, they produced and  edited videos of the construction.

Although Signal Hill paid plaintiffs a rate of $1000 per week, plaintiffs routinely worked far

more than forty hours per week.  Indeed, it was common for plaintiffs to work more than

fourteen hours in a given day.  For example, Miguel Chumiso testified that he worked from

7:00 a.m. to 9:00 p.m. Mondays through Saturdays, viewing live video feeds from the

construction sites.  Once he completed his all-day auditing, he would work through the night

to complete his notes and edit video tapes.  He testified that he was working so much that he

was getting only three hours of sleep per day.

Brent Wall testified that he was aware that Signal Hill was not lawfully paying its employees. He knew the hours that his fellow employees were working and the manner in which they were being underpaid, so he addressed leadership about the issue. In response, Signal Hill's director told him that employees were required to work ten hour shifts and then to edit their videos and perform other necessary work responsibilities on their own time.

Signal Hill clearly violated the overtime requirements of the FLSA. The difficult problem to solve is the issue of damages. The testimony indicates that plaintiffs were paid $1000 per week. Consequently, each plaintiff's hourly rate of pay appears to be $25. This hourly rate of pay is achieved by dividing $1000 (pay per week) by forty hours. When $25 is multiplied by the overtime rate of 1.5 per hour, the product is an overtime pay rate of $37.50. Typically, each plaintiff's damages would be the product of the overtime pay rate of $37.50 per hour and the total number of hours over forty that the employee worked. It is difficult to make this calculation from the record presented at trial.

The trial records seemingly track the damages exhibit found on page four of plaintiffs' trial brief [Doc. No. 51]. The problem with this exhibit is that it was not introduced into evidence at trial, *see* Def.'s Objection Pls.' Exs., No. 4, Doc. No. 66, but was provided in the trial brief only to help the reader follow the trial exhibits. Although this exhibit is only loosely connected to the trial evidence, it is sufficient to form a basis for determining plaintiffs' damages. Signal Hill's objections to this document are overruled.

IT IS SO ORDERED this 10th day of March, 2021.

UNITED  STATES  DISTRICT  JUDGE